IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BENIGNO STEVEN GARZA, III, | ) | |
| AIS #243466, | ) | |
|     Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-00527-CG-N |
| | ) | |
| PHYLLIS BILLUPS,[1] | ) | |
|     Respondent. | ) | |

## REPORT AND RECOMMENDATIONS

Pending before this Court are Petitioner Benigno Steven Garza, III's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7)[2], Respondent's Answer (Doc. 13), Garza's Reply (Doc. 14) and Garza's Response to this Court's Show Cause Order (Doc. 16). This matter is now ripe for the Court's consideration and has been referred to the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 8(b) of the Rules Governing Section 2254 Cases, and Local Rule 72.2(c)(4). For the reasons explained herein, it is recommended that

---

[1] Because Garza was already in custody under the state-court judgment being contested when he initiated this habeas action, it was unnecessary to name the Attorney General of Alabama as a respondent in this action. *See* Rule 2(b) of the Rules Governing Section 2254 Cases. Accordingly, Luther Strange is dropped as a respondent, and the Clerk of Court is **DIRECTED** to update the docket accordingly.

[2] Garza initially filed his habeas petition on September 25, 2015 (Doc. 1), in the United States District Court for the Middle District of Alabama. His petition was transferred to this Court and Garza was ordered to file his habeas petition on the correct court form (Doc. 6), resulting in the instant operative petition. (Doc. 7).

Garza's Petition (Doc. 7) be dismissed with prejudice as untimely. The undersigned further recommends that Garza be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

## I.  PROCEDURAL BACKGROUND

The record before this Court reflects that on May 16, 2012, Petitioner was convicted in Baldwin County Circuit Court of Unlawful Manufacture of a Controlled Substance in the First Degree, Possession of Marijuana in the Second Degree, and Unlawful Possession of Drug Paraphernalia. (Doc. 7 at 2; Doc. 13 at 2). He was sentenced respectively to life imprisonment, one year in county jail, and six months in county jail, to run concurrently. (Doc. 13 at 2). Garza appealed his conviction to the Alabama Court of Criminal Appeals (Doc. 7 at 6-8) and his counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967) stating there were no viable issues to be reviewed on appeal. (Doc. 13-1). Garza was given an opportunity to present issues for appeal, but failed to do so after being granted two extensions of time, at his request. (Doc. 13-2 at 4). The Alabama Court of Criminal Appeals affirmed Garza's conviction in a memorandum opinion on March 15, 2013, (*Garza v. State*, 159 So. 3d 795 (Ala. Crim. App. 2013) and a Certificate of Judgment was entered on April 3, 2013. (Docs. 13-2; 13-3). Garza did not request a rehearing or certiorari review from the Alabama Supreme Court.

On March 15, 2014, Garza filed a Rule 32 Petition in state court along with a Petition to Proceed *In Forma Pauperis* (Doc. 13-4). On May 9, 2014,

the trial court entered an order stating that Garza had failed to pay the required filing fee or properly prove his indigent status. (Docs. 13-5; 13-15 at 8). On October 8, 2014, the trial court entered an order giving Garza thirty days to pay the filing fee for his petition. (Doc. 13-5). In response, Garza filed an affidavit of substantial hardship on October 22, 2014. (Doc. 13-7). On November 10, 2014, the trial court denied Garza's request to proceed *in forma pauperis*. (Doc. 13-8).

Garza appealed the trial court's denial of his request to proceed *in forma pauperis* and the Alabama Court of Criminal Appeals dismissed the appeal as stemming from a non-appealable order on April 17, 2015. (Docs. 13-9; 13-10). While his appeal was pending, Garza additionally filed a Petition for Writ of Mandamus in the Court of Criminal Appeals seeking an order directing the trial court to grant his motion to proceed *in forma pauperis*, which the court denied on February 24, 2015. (Docs. 13-11; 13-12). Garza filed a second writ on March 12, 2015, requesting the same relief, which was denied on May 15, 2015. (Docs. 13-13; 13-14).

Garza filed the instant petition on September 25, 2015, in the United States District Court for the Middle District of Alabama. (Doc. 1). The action was later transferred to this Court and Garza filed a second petition on this Court's form, as ordered, on November 7, 2015. (Doc. 7). The instant writ stems from his conviction from the Circuit Court of Baldwin County, Alabama, discussed above. As grounds for his petition for habeas relief,

Garza asserts that (1) the State failed to disclose evidence favorable to the defendant, (2) he was denied effective assistance of counsel, and (3) his conviction was obtained by perjured testimony. (Doc. 7 at 6).

Respondent field an Answer on January 28, 2016 (Doc. 13) arguing that the statute of limitations period set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d), expired for Garza on April 3, 2014. (Doc. 13 at 8). Respondent also contends that Garza has failed to articulate any claim warranting equitable tolling of the applicable one-year statute of limitations. Garza filed a Reply on May 27, 2016, stating that his petition should be not be time barred. (Doc. 14). More specifically, Garza alleged (1) that his inability to properly file his Rule 32 petition was the result of an administrative error with his prison account, which resulted in "an absence of available state corrective process" and (2) that he was actually innocent. (*Id*.) After review of the pleadings, Garza was ordered to show cause as to why his petition should not be dismissed as time barred by not later than December 5, 2016. (Doc. 15). On December 1, 2016, Garza filed a response asserting that his petition is not time-barred because he is actually innocent.[3] (Doc. 16).

## II. DISCUSSION

### A. Statute of Limitations

---

[3] Garza made no mention of his claim that he was denied access to court in his response to the show cause order. However, in an abundance of caution, this claim is addressed herein below.

The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101 (Supp. II 1997) ("AEDPA"), which became effective on April 24, 1996, provides that a petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). The statute specifically provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review: …

28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is, however, tolled from the time a petitioner files a Rule 32 petition until the time expires for seeking appellate review of the denial of that Rule 32 petition.

In this case, the Alabama Court of Criminal Appeals affirmed Garza's conviction. Garza did not file an application for rehearing or request certiorari review and a Certificate of Judgment was issued on April 3, 2013. Thus, it appears that the statute of limitations for Garza's habeas petition under AEDPA began to run on April 3, 2013, and therefore, absent a tolling of the one-year limitations period, Garza had until April 3, 2014, to file the instant petition. Garza filed his first Rule 32 petition on March 15, 2014, after the expiration of 346 days. Respondent asserts that Garza's Rule 32 petition, however, did not toll the statute of limitations because Garza failed to pay the filing fee and because the Court denied Garza's request to proceed

*in forma pauperis*, resulting in Garza's motion not being "properly filed". "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). Alabama law requires that a Rule 32 petition "be accompanied by the filing fee prescribed by law or rule in civil cases in the circuit court unless the petitioner applies for and is given leave to prosecute the petition *in forma pauperis*." Ala. R. Crim. P. 32.6(a). Further, "a dismissal [of a petition for post conviction relief] for failure to pay the requisite filing fee will typically render a state application for post-conviction relief not "properly filed." *See Rogers v. State*, 2015 WL 7307229 (N.D. Ala. Aug. 11, 2015) (relying on *Phillips v. Culliver*, 2009 WL 3414280, *4 (S.D. Ala. 2009); *Bailey v. Barrow*, 2005 WL 2397813, *3–4 (S.D. Ga. 2005); *Chilton v. Kelly,* 2012 WL 5423839, *2 (E.D. Va. 2012).

The record before this Court suggests that Garza's Rule 32 was not properly filed so as to toll the AEDPA statute of limitations, and as a result the one-year filing period expired on April 3, 2014.[4] The fact that Petitioner filed additional pleadings relating to his Rule 32 petition is of no consequence because the AEDPA's limitations period had already expired. *See Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000), cert. denied 531 U.S. 991, 121 S.

---

[4] Although not calculated by Respondent, it is noted that even assuming *arguendo*, that Garza's Rule 32 petition *did* toll the AEDPA statute of limitations, the statute would have, at the latest, began to run again on May 15, 2015. Thus, considering the number of days that elapsed prior to the Rule 32 petition (346 days) the AEDPA statute would again have expired on June 3, 2015, still months before Garza filed his instant habeas petition.

Ct. 481, 148 L. Ed. 2d 454 (2000) ("A state court petition [ ] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." ). As a result, Garza's petitioner's federal habeas petition is barred by the federal statute of limitations, absent cause for equitable tolling. (*See* Docs. 17-1 through 17-12).

B.  **Equitable Tolling**

Neither Garza's Reply (Doc. 14) nor his response to this Court's Show cause Order (Doc. 16) asserts that the instant petition was filed within the applicable statute of limitations as set forth above. Rather, Garza contends that his petition should not be dismissed because he has presented proper evidence of circumstances that warrant equitable tolling of the limitations period.

The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

*Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). The Eleventh Circuit has also held:

> [M]ere attorney negligence is not a basis for equitable tolling. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313 (11thCir. 2001); *Steed v. Head*, 219 F.3d 1298, 1300 (11thCir. 2000); *Sandvik v. United States*,

> 177 F.3d 269, 1271-72 (11th Cir. 1999). Moreover, even if a prisoner shows that extraordinary circumstances" occurred, the prisoner must still establish that he acted with due diligence in order to be entitled to equitable tolling. *See Helton*, 259 F.3d at 1313.

*Powe v. Culliver*, 205 F. App'x 729, 732 (11th Cir. Sept. 19, 2006). As a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." *Helton v. Secretary of Dept. of Corrections*, 259 F.3d 1310, 1314 (11th Cir.), cert. denied, 535 U.S. 1080 (2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In Garza's Reply (Doc. 14) he asserted that the AEDPA statute of limitation should be equitably tolled because he was denied access to the courts. More specifically, Garza alleged that an administrative error caused his prison account balance to be inaccurate which resulted in his Motion to Proceed *In Forma Pauperis* to be denied by the state court. Garza contends that said denial effectively denied him access to the state court. (Doc. 14 at 1-3). Garza did not renew this claim in his response to his Court's Show Cause Order. Nevertheless, this Court does not find Garza's assertion to be compelling. In support of his claim that he was denied access to the courts, Garza explained that he was unable to save up the required filing fee for his Rule 32 petition in *two* months and he was unaware of the one year filing deadline until ten months had passed. As an initial matter, Garza's argument provides no cause for his inability to timely file the instant federal

habeas petition. Rather, Garza only addresses the difficulties he encountered when filing his Rule 32 petition. Further, Garza has made no showing that he acted with diligence to determine the Rule 32 deadline such that his lack of knowledge would establish "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Moreover, even assuming that Garza's inability to file his Rule 32 petition was beyond his control and unavoidable, which this Court does not find, it is also evident that the state court gave Garza multiple opportunities to properly file his Rule 32 petition (which would have ostensibly tolled his time to file the instant federal habeas petition), to which Garza failed to comply. As a result, this Court finds that Garza has not shown extraordinary circumstances existed which warrant a tolling of the AEDPA statute of limitations.

### C. Actual Innocence Exception

Garza additionally contends his petition should be reviewed on the merits because he has shown that he is actually innocent of the crimes for which he was convicted. (Docs. 14, 16, generally). Recent decisions have established that there is an "actual innocence" exception to the AEDPA statute of Limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). The Court "caution[ed], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting

reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id* at. 1928. (quoting *Schlup v. Delo*, 513 U.S. 298, at 329 (1995). *See also Gore v. Crews*, 817 (11th Cir. 2013) ("*McQuiggin* hold[s] 'that there is an 'equitable exception' to the statute of limitations applicable to habeas claims, 28 U.S.C. § 2244(d), but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.' *Id*. at 1931, 1933 (alteration and quotation marks omitted)." "The District Court must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial." *Schlup*, 513 U.S. at 300. The habeas court must make its determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id*. at 328.

In the present action, Garza claims that his actual innocence is evident because (1) his trial counsel was ineffective for failing to interview alibi witnesses, (2) the State failed to disclose exculpatory evidence, namely, the identity of their confidential informant, and (3) the State's key witness, Corporal Jacob Hill ("Hill"), perjured himself. (Doc. 16 at 2). Garza has additionally submitted as an exhibit, the affidavit of Edward Lane[5], another

---

[5] Mr. Lane is a convicted felon who Garza knew at the time of his arrest and who may have been living with Garza prior to his arrest. (Doc. 13-1 at 14, 21).

inmate (who was the previously undisclosed confidential informant referenced in Garza's case) whose testimony contradicts that of Hill. (Doc. 14 at 16-17).

Garza asserts that the affidavit of Mr. Lane establishes (1) Garza is actually innocent, (2) Hill knew Lane, (3) that Garza did not reside in the spare bedroom where paraphernalia was found, (4) Garza did not reside in the barn/apartment where paraphernalia and a meth lab were found, (5) that tenant lived in the barn/apartment and were evicted due to drug activity, and (6) Garza resided in his master bedroom with his wife and daughter, which his wife testified to at trial. (Doc. 16 at 13).

As an initial matter, none of the grounds supporting his innocence claim appear to present new evidence. Nevertheless, to the extent that the affidavit of Edward Lane is deemed "new evidence" - regardless of whether it was improperly withheld by the State or testimony that was not elicited by Garza's trial counsel- the same fails to establish the requisite showing of actual innocence. Specifically, because Garza himself previously testified at trial that he slept in the master bedroom with his wife and not in the spare room or barn where the drug related items were found. (Doc. 13-1 at 21). He also testified that Edward Lane and another individual had been staying in both of those places and had been told to leave by Garza because of drug use. (*Id*.) The only factual assertion in the affidavit that was not offered at trial is Lane's statement relating to the his relationship with Hill. However,

whether or not Hill knew Lane is of no consequence to establishing Garza's innocence because the alleged relationship does not contradict the information obtained from the confidential informant (Lane) by Hill, i.e., that marijuana was being grown on Garza's property. (Doc. 13-1 at 7). Moreover, none of the facts asserted in Lane's affidavit establish Garza's innocence. While potentially contradicting minor details, the affidavit does not to overcome that uncontroverted fact that Garza owned and resided on the property where the meth lab and drug paraphernalia were found, facts which in and of themselves support Garza's conviction and contradict his claim of actual innocence.[6]

As a result, Garza has not persuaded the undersigned that, in light of the affidavit of Mr. Lane (or any of the other assertions made) no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *See McQuiggin, supra.* Thus, Garza's petition remains barred by the AEDPA statute of limitations.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 18 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order

---

[6] Even if the affidavit had provided evidence supporting Garza's actual innocence, Garza has not offered this Court any valid reason for the delay in presenting such evidence, as it is clear that Garza has known Mr. Lane since before his arrest.

adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may only issue where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).

When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows…that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' ").

Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either

that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the court conclude that no reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

## IV. APPEAL IN FORMA PAUPERIS

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). *See also Weaver v. Patterson*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568218, at *7 (S.D. Ala. June 19, 2012) (Nelson, M.J.), *report and recommendation adopted*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568093 (S.D. Ala. July 3, 2012) (Steele, C.J.) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed. R. App. P. 24(a)(3)(A); *Lee v. Clinton*, 209 F.3d

1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); *DeSantis v. United Techs, Corp.*, 15 F. Supp. 2d 1285, 1288–89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)."). *But see, e.g., United States v. McCray*, No. 4:07CR20-RH, 2012 WL 1155471, at *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.").

Considering the foregoing analysis, the undersigned **recommends** the Court certify that any appeal by Garza in this action would be without merit and therefore not taken in good faith and, accordingly, find that Garza is not entitled to appeal *in forma pauperis*.

## V. CONCLUSION

Garza's habeas corpus petition was filed beyond the one-year AEDPA

limitations period in violation of 28 U.S.C. § 2244(d). Petitioner has not established any "extraordinary circumstance" which prevented him from seeking § 2254 relief. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). Further, Garza has not established that he is actually innocent such that his petition should be considered, despite it being otherwise, time-barred. As a result, the claims and petition brought by Petitioner are barred by the AEDPA statute of limitations. Therefore, it is **recommended** that Garza's Petition (Doc. 7) be dismissed with prejudice. The undersigned further recommends that Garza be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

## VI.    NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 12th day of September 2017.

                                        */s/ Katherine P. Nelson*
                                        **KATHERINE P. NELSON**
                                        **UNITED STATES MAGISTRATE JUDGE**